(No. 4626—

WALTER N. CLARK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1955.*

GATES W. CLANCY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

This case involves an action by claimant to recover damages to his automobile when struck by an army truck, driven by, and under the direction and control of Master Sergeant Joseph G. Leak, member of the 178th Infantry, 178th Regimental Combat Team, Illinois National Guard. The collision occurred on the 22nd day of December, 1953, in Chicago, Illinois.

The amount prayed for by claimant is the sum of $508.15, which is the amount of the repair bill. The collision loss on claimant's vehicle was insured by the Hartford Fire Insurance Company on a $25.00 deductible basis, and, therefore, its interest in this matter is $483.15, and claimant's interest is in the amount of $25.00.

The facts appearing from the record are as follows: On the 16th of November, 1953, Walter N. Clark was driving a 1950 Ford motor vehicle in a westerly direction on 39th Street in Chicago, Illinois. Master Sergeant Joseph Leak, as a member of the Illinois National Guard of the State of Illinois, was likewise driving a truck, owned and operated by the National Guard of the State of Illinois, in a westerly direction on said street. The collision between the two vehicles occurred at the intersection of 39th and Morgan Streets, which last mentioned street runs in a northerly and southerly direction. Morgan Street is a four lane highway, while 39th Street is a six lane highway. Traffic control lights were located at the intersection. The collision occurred at approximately 2:00 P. M. The pavement was dry, and the weather was clear.

Claimant was alone in his vehicle, and, as he approached the said intersection, the lights turned an amber color indicating a stop. Claimant testified that he was in the middle lane of the three westbound lanes, and, to his right, as he approached the intersection, was a motor bus, and slightly ahead and to his left was a large tractor-trailer. The tractor-trailer's turn signals were being operated to indicate a left turn in a southerly direction down Morgan Street. Claimant stated that he had brought his motor vehicle to a complete stop at the intersection when his motor vehicle was struck by the National Guard truck from the rear. Claimant testified that he had applied his brakes several times before coming to a stop, and that his brake lights were working. Claimant further testified that his motor vehicle was knocked across the intersection by the impact, and was brought to a halt along the north curbing of 39th Street, west of Morgan Street, and 50 to 60 feet from the point of impact. The physical evidence indicates that there was a deep dent across the middle of the trunk of claimant's automobile.

Claimant further testified that following the accident Master Sergeant Leak stated to him "I just didn't see you in time". This testimony is uncontradicted by Sergeant Leak.

Sergeant Leak testified that he was driving in a westerly direction in the third lane nearest the double center line. As he approached Morgan Street, the light turned amber. He was traveling 15 to 20 miles per hour. According to Sergeant Leak, claimant suddenly swerved his automobile from the middle westbound lane into the lane directly in front of Sergeant Leak's truck, just as the vehicles approached Morgan Street.

Upon cross-examination, Sergeant Leak testified that the first time he saw claimant's vehicle was when it left the middle lane, and swerved into the lane in which he was traveling. At that time he was approximately 20 to 25 feet from Morgan Street, and was traveling 20 to 25 miles an hour. The light at the intersection of 39th and Morgan Streets, facing the parties, was amber. Leak stated that he did not notice the semi-trailer truck or the bus at the intersection. Leak testified that the point of impact was 8 to 10 feet east of the Morgan Street intersection, and that at the time of the impact he was going 10 to 15 miles an hour. He applied his brakes when he became aware of the impending collision. He left no skid marks. He stated that the Clark automobile was coming to a stop, and made a dead stop in front of him when the collision took place.

From the facts and circumstances in this case, we feel that claimant has established a case of liability against respondent. The evidence establishes to our satisfaction that Sergeant Leak was negligent in not maintaining his truck under sufficient control, as he approached the intersection, to avoid hitting claimant's vehicle. The automobile of claimant was hit with sufficient force to knock it 50 or 60 feet. According to Sergeant Leak's testimony, he did not see Clark's automobile in sufficient time to avoid hitting it. According to the testimony of claimant and Sergeant Leak, claimant's vehicle was stopped at the time of the collision. In those respects wherein the testimony is conflicting, it is our impression that claimant's version of the accident is more convincing. The Commissioner, who presided at the hearing, and had the opportunity of observing the witnesses, as they testified, came to the same conclusion.

When a person approaches an intersection, he must exercise due care and caution in respect to vehicles in front of him, particularly when the traffic signals indicate a required stop. It appears from the testimony that Sergeant Leak did not have his vehicle under sufficient control, nor was he keeping a proper lookout.

Claimant should, therefore, recover against respondent.

The repair bill, admitted into evidence, established a total amount of $508.15 expended in repairing the automobile of claimant. Claimant testified, however, that a portion of the repairs, amounting to $26.37, was not occasioned by the collision in question, but that the balance of the repair bill was. Therefore, the total amount of damages established by evidence is $481.78.

It is, therefore, the judgment of this Court that the claim be allowed as follows: To Walter N. Clark the sum of $25.00; and to the Hartford Fire Insurance Company the sum of $456.78.